FRANK WILLIAMS, Plaintiff-Appellee, *v.* THE POLICE BOARD OF THE CITY OF CHICAGO *et al.,* Defendants-Appellants.

(No. 56222; ▮▮▮▮▮▮▮▮▮

First District—November 3, 1972.

*Rehearing denied December 6, 1972.*

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Daniel Pascale, Assistant Corporation Counsel, and Thomas Mulroy, Jr., Senior Law Student, of counsel,) for appellants.

Coghlan and Joyce, of Chicago, (Martin D. Coghlan, of counsel,) for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

After a hearing before the Police Board of the City of Chicago, plaintiff, a Chicago police officer, was suspended from his duties for a four month period. He sought review in the circuit court naming as defendants the City of Chicago, its Police Board, various members thereof and the Superintendant of Police. The Police Board's determination was set aside and defendants appeal contending: (1) that plaintiff wrongfully disobeyed a direct order of his superior to take a polygraph examination, and (2) that the finding of the Police Board was not against the manifest weight of the evidence.

On May 25, 1970, the Superintendent of Police filed charges against plaintiff. The charges related to plaintiff's disobedience of an order from his superior to submit to a polygraph examination. A hearing on those charges was held on August 20, 1970, wherein the parties stipulated that on December 8, 1970, plaintiff, a Chicago police officer, refused to obey

two oral orders given by his superior to submit to a polygraph examination relative to an investigation. The stipulation stated that it did not admit on plaintiff's behalf that the superior had, under the circumstances, the authority, right or reasonable basis for giving the order. The evidence at that hearing also included various awards given to plaintiff and his prior disciplinary record. On October 8, 1970, the Board found plaintiff guilty of violating specific Rules and Regulations of the Chicago Police Department and suspended him for a period of four months.

The circuit court set aside the suspension order and further ordered that plaintiff be reinstated.

The initial thrust of this opinion goes to the propriety of the order directing plaintiff to submit to the polygraph examination. Attention is first directed to Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18.1, a statute which, in its present form, became effective shortly before plaintiff was ordered to submit to the polygraph examination. This statute in pertinent part reads:

> "In any municipality of more than 500,000 population, no officer or employee of the police department in the classified civil service of the municipality whose appointment has become complete may be removed or discharged, or suspended for more than 30 days except for cause upon written charges and after an opportunity to be heard in his own defense by the Police Board. Before any such officer or employee may be interrogated or examined by or before any disciplinary board, or departmental agent or investigator, the results of which hearing, interrogation or examination may be the basis for filing charges seeking his removal or discharge, he must be advised in writing as to what specific improper or illegal act he is alleged to have committed; he must be advised in writing that his admissions made in the course of the hearing, interrogation or examination may be used as the basis for charges seeking his removal or discharge; and he must be advised in writing that he has the right to counsel of his own choosing present to advise him at any hearing, interrogation or examination; and a complete record of any hearing, interrogation or examination shall be made and a complete transcript thereof made available to such officer or employee without charge and without delay.
>
> Upon the filing of charges for which removal or discharge, or suspension of more than 30 days is recommended a hearing before the Police Board shall be held."

The second sentence of this statute is of primary concern to this court at this time. That sentence sets out various procedural steps which must be taken before the officer may be interrogated or examined where the

results of the questioning may be the basis for charges seeking his removal or discharge. It is that requirement which is missing in the instant case. The record is void of any indication that the results of the questioning may have been the basis for charges seeking plaintiff's removal from the force. Nor could we assume that the investigation related to plaintiff's professional misconduct as other assumptions are equally plausible. Moreover, if it should ultimately develop that the information gained through the polygraph examination should become the basis of charges against plaintiff seeking his removal, it could then be appropriate for plaintiff to raise the statute as a bar to the introduction of that information at the disciplinary hearing. On the state of this record, however, the statute is not applicable. Thus, it could not have been a proper basis for plaintiff's refusal to obey the orders of his superior.

■■ Defendants next contend that the findings of the Police Board were not against the manifest weight of the evidence. Plaintiff counters this argument by urging that the record discloses no demonstration that the order was reasonable, thus compelling its obeyance. He attempts to support this contention by saying that there is no indication that the investigation centered around any criminal activities or official misconduct on his part. We find no indication, and plaintiff has cited no authority for the proposition, that the order must be demonstrably or *prima facie* reasonable before it must be obeyed. The lack of such authorities is expected in a situation involving a military or para-military institution such as the police department as an opposite rule could not prevail if the discipline necessarily inherent in such an operation is to be maintained. As stated in *Coursey v. Board of Fire & Police Commissioners* (1967), 90 Ill.App.2d 31, 43, 234 N.E.2d 339, 345, "As a private individual Coursey did not have to submit to the examination, but as a policeman he did not have the privilege of refusing; having refused, he forfeited any right he had to be retained on the police force because his refusal was in conflict with his obligation as a policeman to obey the order of his commanding officer." Thus, plaintiff's theory is unavailing.

■■ Additionally, we have examined the evidence, limited but definite, as it was and hold that the Police Board's finding was sufficiently supported so that it cannot be said to be contrary to the manifest weight of the evidence. (*Davern v. Civil Service Com.* (1970), 47 Ill.2d 469, 471, 269 N.E.2d 713, 714, *cert. denied* (1971), 403 U.S. 918.) On that ground, the action of the trial court in setting aside the determination of the Police Board is not sustainable.

Plaintiff also urges that the finding of the Police Board was properly set aside because it was based upon matters not of record. We do not agree that this requires a reversal. The finding of the Police Board re-

cited that plaintiff's superior's order related to an "in progress police investigation." Although defendants' answer to plaintiff's complaint for administrative review admitted that the Board relied upon matters outside of the record in this regard, the record did establish that there was a police investigation in progress. Be that as it may, however, it cannot be said that the matters allegedly outside of the record were relevant to the Board's determination, as it was previously pointed out that all that was essential was plaintiff's refusal to obey the order. This was established by the stipulation.

The judgment of the circuit court is reversed and the cause is remanded with directions to reinstate the order of the Police Board.

Reversed and remanded with directions.

DRUCKER and ENGLISH, JJ., concur.