CLAUDE PETERS, Plaintiff-Appellant, *v.* LE ROY HERVY *et al.,* Defendants-Appellees.

(No. 55668; 

First District (4th Division)—April 25, 1973.

Paulson and Ketchum, of Chicago, (William J. Harte, of counsel,) for appellant.

James G. O'Donahue, Francis J. Mullen, Jerome F. Dixon, and Paul Denvir, all of Chicago, for appellees.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, Claude Peters, brought an action to recover damages for injuries he sustained by reason of a collision between his automobile and a bus owned by the defendant, Chicago Transit Authority, and driven by its employee, defendant Le Roy Hervy. At the close of the evidence the defendants moved for a directed verdict, and the trial court reserved its ruling. The cause was submitted to a jury and the verdict was against both defendants.

The defendants filed a post-trial motion seeking a directed verdict and in the alternative judgment notwithstanding the verdict. Defendants further filed an amendment to the motion seeking a new trial. Subsequently, the court entered an order granting the motion of defendants for a directed verdict. Conditionally, if that ruling were to be reversed, the court granted the defendants' motion for judgment notwithstanding the verdict. The defendants' motion seeking a new trial was denied.

Plaintiff appealed from the judgment in favor of the defendants, seeking to have this court remand the cause to the Circuit Court with instructions to reinstate the jury verdict for plaintiff. The defendants filed a cross-appeal seeking a new trial in the event this court should reverse

the judgment for a directed verdict and the conditional judgment notwithstanding the verdict.

There were only two occurrence witnesses, the plaintiff, Claude Peters, and the bus driver, Le Roy Hervy. On March 24, 1965, plaintiff, who was employed as a conductor for the Penn Central Transportation Company, left work at 11:00 P.M. He went to a neighborhood tavern where he shot pool and had two bottles of beer. He left and drove west on 47th Street, which is a four-lane through street. The street was wet. As he approached Drake Street, plaintiff said he was driving at about 20 to 25 miles per hour. At Drake and 47th Street there is a bus turnaround. The buses enter the turnabout a block or so north of 47th Street and use Drake Street to get to 47th Street where they turn left for the eastbound trip.

Plaintiff testified that when he was within 30 or 40 feet from Drake Street, a bus came out of the turnaround into 47th Street. He said he hit his brakes and the front end of his car collided with the bus, near its front wheel. He stated that the bus was going about ten miles per hour. On cross-examination, plaintiff said that he was looking ahead as he approached Drake and did not see the bus until it was approaching the middle of 47th Street about 30 feet in front of him.

The defendant, Le Roy Hervy, was called by the plaintiff as an adverse witness. He stated that on the day of the collision, he had been employed by the Chicago Transit Authority for about a year, and had been operating a trolley bus for about a month. The accident occurred on the last run of the day. Defendant explained that from the terminal at 47th and Drake, he would go eastbound to Lake Park, where there is a turnabout, and back again to the Drake Terminal. He did not know whether he was early or late or how long he waited at 47th and Drake. No other buses were at the terminal. He first stopped his bus "about center-way of the little terminal we have there." He was reasonably sure he did not turn off the lights on the bus. He did not recall if he had any passengers at the time. When asked to be specific as to whether he recalled stopping anywhere in the terminal he replied, "No, I can't honestly say I stopped in the terminal. No." He said he stopped at the crosswalk and checked the westbound traffic. His intention was to make a left turn on 47th Street. The front end of the bus was at the curb. He stopped long enough to check the on-coming traffic from the left. At that time plaintiff's vehicle was "about a block and a half away or more." He then proceeded into the street. While in motion he checked the traffic that was eastbound. He did not believe he exceeded five miles an hour as he proceeded into 47th Street. As the front end of his bus reached the middle of 47th Street, the impact occurred.

■■ In *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510, 229 N.E.2d 504, 513-14, the Supreme Court stated,

> "In our judgment verdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

Applying this standard to the present appeal, we are of the opinion that the trial judge erred in directing a verdict for defendants and conditionally, granting defendants' motion for judgment *n.o.v.*

The evidence, when viewed in its aspect most favorable to plaintiff, showed that Peters was travelling at 20 to 25 miles per hour, well within the speed limit, on a preferential street. He was looking ahead at all times. The plaintiff stated that he did not see the bus driven by defendant until it was approaching the middle of 47th Street, about 30 feet in front of him. We think the jury might reasonably have inferred from these facts that the defendant's bus pulled suddenly into the street, and that plaintiff, in the exercise of due care, was unable to avoid the collision. We cannot say that the plaintiff was guilty of contributory negligence as a matter of law as we must to affirm. It was for the jury to decide whether any negligence on the part of plaintiff contributed to cause the collision.

■■ Defendants argue that one who fails to look at a plainly observable danger and is injured thereby is guilty of contributory negligence. They also maintain that one who looks may not be heard to testify that he did not see what was within his unobstructed view. We agree with these propositions, but find that they are inapplicable to the facts of this case.

In the instant case, it was a jury question as to whether there was a plainly observable danger to be seen. Plaintiff testified that he was looking ahead at all times and that he did not see the bus until it was within 30 feet of his car. By defendant Hervy's testimony, his bus was stopped at the cross-walk prior to entering 47th Street. It seems to us that the jury might reasonably have inferred that there would have been no collision had the bus driver cautiously entered the preferential street.

■■ We are not persuaded that plaintiff is bound by the testimony of defendant Hervy who was called as an adverse witness. We are satisfied that he was called under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 60), notwithstanding the failure to use the words "Section 60."

■■ Section 60 provides in relevant part as follows:

> "Upon the trial of any case any party thereto * * * may be called and examined as if under cross-examination at the instance of any adverse party. The party calling for the examination is

not concluded thereby but may rebut the testimony thus given by counter-testimony * * *."

In the instant case, the defendant bus driver stated that plaintiff's car was about a block and a half away when he pulled his bus out of the turnaround. The plaintiff, in contrast, testified that he was travelling at 20 to 25 miles an hour when he first saw the defendant's bus 30 to 40 feet away, and that he could not stop in time. Since the defendant bus driver's testimony was contradicted by that of the plaintiff, it was the jury's duty to decide which witness to believe.

■■ Since we are reversing the granting of the directed verdict and the conditional granting of the judgment notwithstanding the verdict, we have also considered the cross-appeal filed by defendants requesting a new trial. What we have hereinabove stated applies on this issue. We have examined the record and conclude that the verdict is not against the manifest weight of the evidence. The ruling of the trial court denying a new trial is therefore affirmed.

For the reasons given the order granting defendants' motion for a directed verdict or conditionally a judgment *n.o.v.* is reversed and the cause is remanded with directions to enter judgment in favor of plaintiff and against defendants in accordance with the jury's verdict.

Reversed and remanded with directions.

ADESKO and DIERINGER, JJ., concur.