JOHN T. SIRCHER, Plaintiff-Appellant, *v.* THE POLICE BOARD OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division) No. 77-1098

Opinion filed September 27, 1978.

Victor F. Ciardelli, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Henry Phillip Gruss, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

After a hearing, the Police Board of the City of Chicago entered an order discharging the plaintiff, John Sircher, as a police officer for inattention to duty and for recommending professional services to accident victims. Plaintiff brought an administrative review action in the circuit court of Cook County and the court affirmed the Board's decision. Plaintiff appeals.

On December 18, 1974, Steven and John Cuvala, Cheryl Ambrose, Diane Jones, Steven Johnson and Jerry Norwood were in vehicles involved in an accident with a truck. The accident occurred on the Dan Ryan Expressway. The Cuvalas and Ambrose testified that plaintiff was the police officer who came to the scene of the accident and offered to take them to an attorney. They agreed, met plaintiff downtown, and proceeded with him to a lawyer's office. Jones, Johnson and Norwood

corroborated that testimony, but were unable to identify the police officer.

Russell Davis and Mattie Walls were involved in previous accidents. Davis testified that plaintiff was the investigating officer and had recommended an attorney to him. Walls testified that the police officer recommended an attorney to her, but she was unable to identify plaintiff as the officer. It was stipulated that plaintiff had signed the Walls' accident police report.

The assistant corporation counsel called plaintiff as a witness at the hearing. Plaintiff denied escorting the accident victims to lawyers' offices and denied recommending lawyers to them. With regards to the expressway accident, plaintiff testified that he drove the truck driver involved in the accident to headquarters and then returned with the truck driver to the accident scene.

Sergeant John Serafini of the Chicago Police Department testified for plaintiff that he had investigated the matter for the Internal Affairs Division. Serafini interviewed most of the parties involved and noted discrepancies between the statements of Ambrose and Jones. He also stated the Cuvalas made an error in their identification of the second police officer involved.

Plaintiff initially contends that the assistant corporation counsel committed reversible error at the Board hearing by attacking the credibility of his own witness during closing argument. Plaintiff argues that in calling him as a witness without declaration that he was being called under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60), defendants made plaintiff their own witness, were bound by his testimony, and could not attack his credibility.

■■ Section 60 permits a party to be called and examined as if under cross-examination, and the examining party is relieved from the burden of vouching for the credibility of the witness. It is obvious here that plaintiff was called as an adverse witness under section 60, notwithstanding failure on the part of counsel to use the words "section 60." While such a declaration is recommended, we do not believe it is necessary for counsel to specify the particular provision of the act when calling a witness. (*Peters v. Hervy* (1973), 11 Ill. App. 3d 715, 297 N.E.2d 363.) Defendants were not bound by the testimony of plaintiff, and it was proper for counsel to attack plaintiff's credibility during closing argument.

Plaintiff next contends that the Board's findings are against the manifest weight of the evidence. The scope of judicial review is limited to a determination of whether the final decision of the administrative agency is just and reasonable in light of the evidence presented. (*Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 269 N.E.2d 713.) Courts are not

authorized to reweigh the evidence or to make an independent determination of the facts. (*Moriarty v. Police Board* (1972), 7 Ill. App. 3d 978, 289 N.E.2d 32; *Schnulle v. Board of Fire and Police Commissioners* (1974), 16 Ill. App. 3d 812, 306 N.E.2d 906.) In order to reach the conclusion that a decision of an administrative agency is against the manifest weight of the evidence, the court must be satisfied that an opposite conclusion is clearly evident. *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 352 N.E.2d 389.

■■ In the present case, it was undisputed that plaintiff was the police officer assigned to investigate the accident in question. Several accident victims testified that plaintiff recommended the services of an attorney and escorted them to an attorney's office. Plaintiff denied the testimony, and stated that he remained with the truck driver. The testimony of the accident victims presented substantial evidence in support of each Board finding. It was for the Board to resolve any conflict presented by the evidence and to determine the credibility of the witnesses. The Board's decision was not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Cook County upholding the decision of the Police Board is affirmed.

Judgment affirmed.

SIMON and McGILLICUDDY, JJ., concur.