STEVE CHRISTO *et al.*, Plaintiffs-Appellants, *v.* THE ZONING BOARD OF APPEALS, VILLAGE OF OAK PARK, Defendant-Appellee.

First District (4th Division)   No. 77-1053

Opinion filed March 29, 1979.

Sherwin & Sherwin, of Chicago (Theodore R. Sherwin, of counsel), for appellants.

Richard A. Martens, of Oak Park, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Steve Christo and Theresa Christo, his wife, plaintiffs, filed a complaint in the circuit court of Cook County for administrative review of a determination by the Zoning Board of Appeals of the Village of Oak Park denying a variation from the village's zoning ordinance. The trial court found that the Board's decision and findings were not contrary to the manifest weight of the evidence and affirmed the Board's decision in its entirety. Plaintiffs appeal.

This court will consider the following issues: (1) whether the findings and decision of the Zoning Board are against the manifest weight of the evidence, and (2) whether the action of the Zoning Board was arbitrary and capricious.

The facts are as follows: Plaintiffs' property consists of a single-family residence located at 813 North Harlem Avenue, Oak Park, Illinois, on the east side of the street. The property is zoned and located in an "E" multiple-family dwelling district. Theresa Christo, one of the plaintiffs, performs the service of "character reader" from the home. In January 1975, plaintiffs caused a 2- by 4-foot illuminated, double-faced, sign to be erected on a 10-foot pole in the front yard of their residence. The sign read, "Character Reading." This sign is not permitted in an "E" multiple-family dwelling district.

The property immediately adjacent to the subject property on the south extends to the northeast corner of Harlem and Chicago Avenues and is zoned "H-2" business district. It is improved with a multiple-family building containing business uses on the first floor. The other three corners of the Harlem-Chicago intersection are zoned for and improved with

business uses. The west side of Harlem Avenue opposite the subject property and north thereof is improved with residential uses. The east side of Harlem Avenue north of the plaintiffs' property is zoned "E" multiple-family dwelling district and improved with residential uses. East of the plaintiffs' property is zoned "D" two-family dwelling district and is improved with residential uses.

In June 1976, plaintiffs applied to the Oak Park Zoning Board of Appeals for a variation from the existing sign regulations of the zoning ordinance which would authorize the maintenance of the sign in their yard. At the hearing on July 7, 1976, various people testified for and against the approval of the variance.

On August 4, 1976, the Zoning Board voted unanimously to deny plaintiffs' application. The plaintiffs then filed a complaint in the circuit court of Cook County for administrative review of the unfavorable decision of the Zoning Board. In an order dated May 8, 1977, the circuit court affirmed the Board's decision. From that order, the plaintiffs appeal.

Appellants contend that the findings and decision of the Zoning Board were against the manifest weight of the evidence. We disagree.

■■ The Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 274) provides that agency findings and conclusions on questions of fact are prima facie true and correct. The circuit court may set aside such findings only if they are against the manifest weight of the evidence. A certain administrative finding may not be adjudged against the manifest weight of the evidence, unless it appears from the record that an opposite conclusion is clearly evident. *Petraitis v. Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 864, 867, 335 N.E.2d 126, 129.

"Neither the appellate court nor the trial court may substitute its judgment for that of the administrative agency." *Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 472, 269 N.E.2d 713, 714.

In reviewing the facts, we cannot find that the conclusions of the Zoning Board of Appeals were against the manifest weight of the evidence. Plaintiffs' property is located in a residential district and they must conform to the regulations of a residential district unless granted a variation or other zoning relief. The plaintiffs applied for a variation following the issuance of several violation tickets.

■■ The statute which applies to variations states that variations shall be permitted by the board of appeals only in cases where there are practical difficulties or particular hardship in complying with any of the land use regulations. In its consideration of the standards of practical difficulties or particular hardship, the board of appeals shall require certain evidence. Evidence that (1) the property cannot yield a reasonable return if it can only be used under the conditions allowed by the existing zoning; (2) the owner's plight is due to unique circumstances; and (3) the variation if

granted would not alter the essential character of the area. The statute stated that: "A variation shall be permitted only if the evidence, in the judgment of the board of appeals, sustains each of the 3 conditions enumerated." Ill. Rev. Stat. 1975, ch. 24, par. 11—13—4.

The Zoning Board of Appeals took into consideration all of the requirements set forth in the statute and heard testimony from area residents. In its findings, the Board discussed all three requirements and found that the property could yield a reasonable rate of return without allowing the sign; that plaintiffs' plight was not due to unique circumstances, *i.e.*, the inadequacy of the family income. The Zoning Board noted that plaintiffs failed to comply with the "hardship" standard set out in the statute. The evidence showed that the Christo family needs for additional income could not be construed as a particular hardship, since it would only work to the Christos' personal benefit. The Board also found that if it granted the variation, it would detrimentally affect the character of the neighborhood.

■■ Since the Board took into account all the provisions in the statute in rendering its decision, it is evident from the record that the evidence supports the conclusion of the Board. Plaintiffs have not sustained their burden of establishing that the variation should be granted because· of plaintiffs' noncompliance with the three elements listed in the statute. The circuit court was correct in affirming the administrative agency's ruling because it could not be shown that the findings were against the manifest weight of the evidence.

The second issue plaintiffs raised on appeal was that the action of the Zoning Board of Appeals was arbitrary and capricious. We disagree.

This issue can be disposed of with a brief discussion. The plaintiffs contend that the action by the Zoning Board was contrary to law, unreasonable, arbitrary and capricious.

As stated above, we found that the action taken by the Board was reasonable in view of the evidence in the record. We cannot say that the decision made was arbitrary and capricious, but was correctly decided based on the issues and facts in the case. The record supports the conclusion of the Zoning Board denying the plaintiffs' request for a variation.

For the reasons set forth, we affirm the judgment of the circuit court of Cook County.

Affirmed.

JIGANTI, P. J., and LINN, J., concur.