IRVING TALMAN *et al.*, Plaintiffs-Appellants, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION *et al.*, Defendants-Appellees.

First District (4th Division)   Nos. 78-704, 78-1101 cons.

━━━━━

Opinion filed November 8, 1979.

Harold Shapiro, of David Blumenfeld, Ltd., of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellees.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Irving Talman, appeals from an order of the circuit court of Cook County which sustained an order of the Director of the Department of Registration and Education (the Department). The latter order revoked the plaintiff's pharmacist's license.[1] On appeal, the plaintiff argues the findings and conclusions of the State Board of Pharmacy (the Board) and the Department are against the manifest weight of the evidence; that the Board abused its discretion in recommending the revocation of his license; that he was denied due process of law by virtue of the inadequate notice of charges contained in the complaint filed by the Department; that the statutory term "good faith" is unconstitutionally vague and uncertain; and that the trial court erred by refusing to remand the case to the Board for a reconsideration of the penalty in light of its dismissal of one count of the complaint.

Count I of the complaint charged that the plaintiffs had billed an insurance company for services which were not provided. This allegedly constituted a violation of section 7—6 of the Pharmacy Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 55.7—6), which allows the Department to "[r]efuse to issue or renew, or revoke or suspend, any license or certificate of registration * * *" on a number of grounds including where the holder of the license or certificate is found to be guilty of "gross immorality." The trial judge dismissed count I on the basis of its holding in earlier cases that "gross immorality" is unconstitutionally vague. The Department has not appealed the dismissal of count I.

Count II alleged the plaintiffs had shortages of certain controlled substances as discovered in an audit by the Department; that the plaintiffs had dispensed 194 bottles of Hycomine syrup, a controlled substance, to a single family in an eight-month period; that the plaintiffs had dispensed 1000 tablets of Preludin during a one-year period; and that certain wholesaler invoices were missing from the plaintiffs' files. These charges were alleged to violate section 7—6 of the Pharmacy Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 55.7—6) and sections 102(w)(2), (3), (4) and

---

[1] The Department also suspended the pharmacy license of the plaintiff Harding Prescription Pharmacy for 30 days. The order of the circuit court is being appealed only to the extent that it affects Talman since the pharmacy is no longer in business.

306 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, pars. 1102(w)(2), (3), (4) and 1306).

Section 7—6 of the Pharmacy Practice Act provides for revocation or suspension of a license or certificate when, among other grounds, the holder "is found to have wilfully violated any of the rules and regulations promulgated for the administration of this Act * * *." (Ill. Rev. Stat. 1975, ch. 91, par. 55.7—6.) The portions of the Illinois Controlled Substances Act which the plaintiff is charged with violating are: (1) the "good faith" definitional section which sets forth guidelines to be followed by a pharmacist in the dispensing of controlled substances (Ill. Rev. Stat. 1975, ch. 56½, par. 1102(w)), and (2) a requirement that pharmacists maintain records and inventories of their controlled substances "in conformance with" Federal law and "any additional rules and forms issued by the Department * * *." (Ill. Rev. Stat. 1975, ch. 56½, par. 1306.) The specific recordkeeping requirement which the plaintiff was found to have violated provides that practitioners must maintain inventories and records of controlled substances (1) "separately from all other records of the registrant" or (2) "in such form that the information required is readily retrievable from the ordinary business records of the registrant." 21 C.F.R. §1304.04(b), (c).

At a hearing before the Board, Sandor Smehoff, an investigator for the Department, described an audit he conducted at the Harding Pharmacy. The results of the audit were contained in a report which was attached to the complaint and showed significant shortages in the pharmacy's stock of controlled substances. Smehoff also discovered that certain invoices from the pharmacy's suppliers were not in the pharmacy's records. Finally, Smehoff said he discovered what he considered to be excessive sales of Hycomine syrup to one family.

The plaintiff testified that when he received a prescription for Hycomine syrup for the members of the family in question, he would call the prescribing physician. He also called Children's Memorial Hospital and spoke to a physician there to verify whether the family required such large amounts of the drug. The doctor confirmed that the family suffered from a condition requiring the Hycomine. The plaintiff also testified that each of the prescriptions was for four ounces, a normal quantity, and that the prescribed instructions called for the patient to take the drug three times a day, which is a normal interval.

The plaintiff testified that several of the missing invoices had been destroyed in a flood in the basement of his store. In regard to the inventory shortages, the plaintiff said he had located many prescriptions for the drugs in question since the audit. He also said that there had been one robbery and one burglary at the store during which some of the controlled substances had been taken. The plaintiff introduced into

evidence police reports made in connection with the robbery and burglary. One of the reports showed that 400 Preludin 75 mg. tablets were reported as stolen. The 400 Preludin tablets represent only a small portion of the controlled substance shortages as shown in the audit report.

The Board made findings of fact which it filed with the Director of the Department. The Board found the allegations of the complaint concerning the shortages of controlled substances, the dispensing of Hycomine to a particular family and the missing invoices had been substantiated. The Board also found that the plaintiff failed to maintain invoices as required by Federal law codified at 21 C.F.R. §1304.04. The Board concluded the plaintiff had violated the Pharmacy Practice Act and the Controlled Substances Act.

The trial court, in response to the plaintiff's complaint for administrative review, considered the evidence which was presented to the Board, heard arguments from counsel, dismissed the first count as noted above, and sustained the order finding the plaintiff guilty of the charges enumerated in the second count. The order revoking the plaintiff's pharmacist's license was also sustained.

The plaintiff's first argument is that the findings of fact, conclusions of law, recommendations of the Board and subsequent order of the director are against the manifest weight of the evidence. More specifically, the plaintiff contends it was incumbent upon the Department to show how the good-faith guidelines enumerated in section 102(w)(2), (3), (4), of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1102(w)(2), (3), (4)) were violated in the dispensing of the Hycomine syrup and that the Department should have shown that the plaintiff did not exercise professional judgment when dispensing the drug. The plaintiff notes that the Department did not introduce into evidence any of the Hycomine prescriptions; that the only evidence in support of the Hycomine allegation consisted of the oral testimony of Smehoff.

If there is substantial evidence to support an agency's decision, the decision must be affirmed. *Lo Piccolo v. Department of Registration & Education* (1972), 5 Ill. App. 3d 1077, 284 N.E.2d 420.

■■ We believe Smehoff's testimony concerning the quantities of Hycomine syrup dispensed by the plaintiff to a single family during an eight-month period was sufficient for the Board to have found that the plaintiff violated the "good faith" standard set out in section 102(w)(2), (3), (4). The Board is composed of registered pharmacists. The Illinois Administrative Procedure Act (Ill. Rev. Stat. 1975, ch. 127, par. 1001 *et seq.*) states in part "[t]he agency's experience, technical competence and specialized knowledge may be utilized in the evaluation of the evidence." (Ill. Rev. Stat. 1975, ch. 127, par. 1012(c).) In light of this legislative declaration, we must assume that the Board possesses the necessary

knowledge and expertise to determine when a lack of good faith is shown by a pharmacist in the dispensing of large quantities of a controlled substance to a single family.

The plaintiff also argues that both the State and Federal controlled substances statutes require only registrants under those statutes to keep and maintain records. He contends that an individual pharmacist is not required to be registered and argues that because he is not registered he could not have violated the requirements.

■■ We find no merit in this argument. It is true, as the Department concedes, that a registered pharmacist need not have a controlled substance registration so long as the pharmacy which he owns or in which he works is so licensed. (Ill. Rev. Stat. 1975, ch. 56½, par. 1302(c)(5).) However, we do not read the record keeping section as being limited to pharmacists who are registered under the Controlled Substances Act. The statute reads in part: "Every practitioner and person registered to manufacture, distribute or dispense controlled substances under this Act shall keep records * * *." (Ill. Rev. Stat. 1975, ch. 56½, par. 1306.) Rather than including only *registered* practitioners within its scope, as plaintiff argues, we believe the statute should be read to encompass *all* practitioners in addition to "persons registered to manufacture * * *." The plaintiff thus comes within the scope of the Act's record keeping requirements.

The plaintiff next argues that the Board abused its discretion in recommending the revocation of his pharmacist's license. The plaintiff argues that less extreme penalties could have been imposed upon a finding that he violated the law and that, although there are no guidelines concerning the appropriate penalty to be imposed, the severity of the penalty should be commensurate with the severity of the charges.

■■ An agency's decision must be affirmed unless the opposite conclusion is clearly evident. (*Rutledge v. Department of Registration & Education* (1966), 77 Ill. App. 2d 103, 222 N.E.2d 195.) We cannot say the Board or Department abused its discretion in deciding to revoke the plaintiff's license in light of its findings, supported by the evidence, that the plaintiff had violated the Pharmacy Practice and Controlled Substances Acts. However, as discussed in greater detail below, we do believe it necessary to remand the case on another basis for a reconsideration of the penalty.

The plaintiff next argues that he was deprived of his right to due process in that the complaint filed by the Department was vague and indefinite. The plaintiff notes that he was alleged to have violated section 7—6 of the Pharmacy Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 55.7—6) which contains six possible grounds for relief and that the complaint did not specify upon which ground the Department was relying. He also argues that the allegations concerning the dispensing of Hycomine syrup

and Preludin tablets did not indicate which specific provision of the Illinois Controlled Substances Act was thereby violated or how the dispensing of these narcotics violated the law.

■ The plaintiff agrees that "charges in an administrative proceeding need not be drawn with the same nice refinements and subtleties as pleadings in a court of record * * *" (*Greco v. State Police Merit Board* (1969), 105 Ill. App. 2d 186, 190, 245 N.E.2d 99, 101), but argues that the charges here were insufficiently clear and specific. It is only necessary that the complaint reasonably apprise the party of the case against him so that he will be able to intelligently prepare his defense. See *Schyman v. Department of Registration & Education* (1956), 9 Ill. App. 2d 504, 133 N.E.2d 551.

■ While we agree that the Department could and should have informed the plaintiff with more specificity concerning the particular grounds that his conduct was alleged to have violated, we believe the factual specificity of the allegations was sufficient to adequately apprise him of the charges against which he had to prepare a defense. Furthermore, had the plaintiff desired a more extensive detailing of the charges, he should have requested a bill of particulars. *Guzell v. Civil Service Com.* (1974), 17 Ill. App. 3d 266, 308 N.E.2d 351.

■ The plaintiff next argues the revocation of his license based upon a violation of the "good faith" provision of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1102(w)) is void because the provision is vague and uncertain and unlawfully delegates legislative powers to the Board of Pharmacy, thereby denying him due process.

The statute in question states in part:

"The pharmacist shall be guided by accepted professional standards [in dispensing controlled substances] including, but not limited to the following, in making the judgment:

(1) Lack of consistency of doctor-patient relationship,

(2) Frequency of prescriptions for same drug by one prescriber for large numbers of patients,

(3) quantities beyond those normally prescribed,

(4) unusual dosages,

(5) unusual geographic distances between patient, pharmacist and prescriber,

(6) consistent prescribing of habit-forming drugs."

The plaintiff relies in part on *Boshuizen v. Thompson & Taylor Co.* (1935), 360 Ill. 160, 195 N.E. 625, where the supreme court stated a statute must prescribe a standard so "definite, fixed and understandable" as to be understandable to a person attempting to comply with it. (360 Ill. 160, 167, 195 N.E. 625, 628.) The *Boshuizen* court also said:

"The statute need not specify and particularize the exact norm, but it must lay down a guide that has either a definite, fixed meaning at common law or by established and recognized precedents, or a trade, technical or definite, specific meaning." 360 Ill. 160, 167, 195 N.E. 625, 628.

We cannot accept the plaintiff's argument. The statute does not merely require pharmacists to dispense controlled substances in "good faith" without explaining what that term means. The statutory section contains six guidelines, phrased in simple language, which serve to put pharmacists on notice as to what kinds of practices might be found to constitute a lack of good faith. Greater particularity would necessitate the detailing of each controlled substance along with data showing what the normally prescribed quantities are, what the usual dosage is, and voluminous other information. Constitutional due process standards do not require such specificity.

The plaintiff's final argument is that the trial court committed reversible error by denying his request to remand the case to the Board for a redetermination of the appropriate penalty following the dismissal of the first count of the complaint.

■■ At the administrative hearing the Board found the Department had proved its charges against the plaintiff as enumerated in both counts of the complaint and its recommendation as to the penalty did not specify which of the two counts was being relied upon. The trial court later dismissed one of the two counts. Because it is not clear from the findings whether the plaintiff's license would have been revoked had he been found guilty of only one count, we believe it necessary to remand the case for reconsideration of the penalty by the Board. *Dugan's Bistro, Inc. v. Daley* (1977), 56 Ill. App. 3d 463, 371 N.E.2d 1116.

For the foregoing reasons the judgment of the circuit court is affirmed and remanded.

Affirmed and remanded.

LINN and ROMITI, JJ., concur.