DENNIS SENDER *et al.*, Plaintiffs-Appellants, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—93—0206

Opinion filed May 19, 1994.

Patinkin & Torf, Ltd., of Deerfield, and William C. Coughlin, of Chicago (Phillip R. Torf, of counsel), for appellants.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Jerald S. Post, Assistant Attorney General, of counsel), for appellees.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Two pharmacists, Dennis Sender and Sheldon Weiner, appeal the order of the circuit court affirming the decision of the Department of Professional Regulation (the Department). The Department found that Weiner and Sender violated sections of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56$^1$/$_2$, par. 1100 *et seq.*), title 68 of the Illinois Administrative Code (68 Ill. Adm. Code § 1330 *et seq.* (Supp. 1988)), and the Pharmacy Practice Act of 1987 (Ill. Rev. Stat. 1987, ch. 111, par. 4121 *et seq.*). The Department suspended Weiner's license to practice pharmacy for five years and fined him $2,000. It suspended Sender's license for three years and fined him $1,500. On appeal Sender argues that the Department erred when it found he violated the Pharmacy Practice Act based solely on his status as a shareholder of the pharmacy. Weiner and Sender argue that the Department erred when it found they, as individuals, violated the Controlled Substances Act. Weiner and Sender also argue that the Department abused its discretion when it determined their suspensions and fines. We affirm in part, reverse in part and remand.

Weiner and Sender are licensed pharmacists. Each owned 50% of the shares of Meyer Drug and Truss Company. Meyer Drug and Truss Company, an Illinois corporation, owned Sure Save Drugs. The Department conducted an audit of Sure Save Drugs for the period from April 30, 1988, to December 20, 1989. The audit showed that 38,000 tablets of controlled substances were missing from the pharmacy's inventory. Based on the audit, the Department filed a complaint against the pharmacy, Weiner, and Sender, alleging violations of the Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56$^1$/$_2$, par. 1100 *et seq.*) and the Pharmacy Practice Act (Ill. Rev. Stat. 1987, ch. 111, par. 4121 *et seq.*).

A hearing was held in May 1991 before a hearing officer and

member of the Board of Pharmacy. Weiner and Sender did not dispute the audit. Instead, Weiner explained that an employee had stolen the tablets. When Weiner discovered and verified the theft in December 1988, he fired the employee. Weiner was the registered pharmacist in charge. He ordered the prescription drugs and was responsible for security at the pharmacy. He admitted that he did not conduct or request an audit of the inventory after he fired the employee. Weiner had been practicing pharmacy for 32 years.

Sender worked part-time as a pharmacist at Sure Save Drugs. He ordered the cigarettes, sundries, and nonprescription drugs. Sender had been practicing pharmacy for 25 years.

Before the hearing ended, the Department moved to amend the complaint against Weiner and Sender to include violations of sections 1330.91(d)(1)(B) and 1330.91(e)(2) of the Illinois Administrative Code (68 Ill. Adm. Code § 1330.91 (Supp. 1988)). The hearing officer allowed the amendment of the complaint to conform to the evidence produced at the hearing.

The hearing officer concluded that Weiner failed in his duty as pharmacist in charge by the "mere fact that such substantial shortages occurred." He further stated:

"There was no evidence presented that either Weiner or Sender had diverted any of the shortages of controlled substances. However, given the years of professional experience of both Weiner and Sender, it is incomprehensible that they would not conduct or request an audit after the alleged theft ***. This is particularly true, since the over-all security of the pharmacy and the controlled substances area was so lacking."

The hearing officer found that Weiner, Sender, and Sure Save Drugs violated section 30(19) of the Pharmacy Practice Act (Ill. Rev. Stat. 1987, ch. 111, par. 4150(19)) and sections 304(a)(6) and 306 of the Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, pars. 1304(a)(6), 1306). He found that Weiner and Sender also violated sections 1330.91(d)(1)(B) and 1330.91(e)(2) of the rules promulgated to administer the Pharmacy Practice Act (68 Ill. Adm. Code § 1330.91 (Supp. 1988)). The hearing officer recommended to the Board of Pharmacy that the pharmacy's license and registration be revoked. He also recommended that the Department suspend Weiner's license for a minimum of 30 months and Sender's license for a minimum of 18 months.

The Board of Pharmacy (Board) adopted the hearing officer's findings of fact, conclusions of law, and recommendation that the pharmacy's license and registration be revoked. However, the Board recommended to the Director of the Department that Weiner's license

be suspended for a minimum of five years and that he pay a $2,000 fine. It also recommended that Sender's license be suspended for a minimum of three years and that he pay a $1,500 fine.

The Director of the Department adopted the Board's findings of fact, conclusions of law, and recommendations.

On administrative review, the circuit court affirmed the decision of the Director.

■ We first address whether the Department erred in ruling that Sender violated sections 1330.91(d)(1)(B) and 1330.91(e)(2) of title 68 of the Administrative Code. Section 1330.91(d)(1)(B) requires "when the pharmacy is closed, the public and any employees not registered under the Act are to be prohibited access to the area." (68 Ill. Adm. Code § 1330.91(d)(1)(B) (Supp. 1988).) There is no dispute that the employee who stole the tablets had access to the pharmacy and was not registered under the Pharmacy Practice Act. However, section 1330.91(e)(2) states, "The operations of the pharmacy are the responsibility of the pharmacist-in-charge, and the establishment and maintenance of security provisions are the dual responsibility of the pharmacist-in-charge and the owner of the pharmacy." (68 Ill. Adm. Code § 1330.91(e)(2) (Supp. 1988).) The Department interpreted the term "owner" to include Sender. While we will not reverse an administrative agency's factual findings unless they are against the manifest weight of the evidence, we are not bound to give the same deference to an agency's conclusions of law. (*Mitchell v. Department of Revenue* (1992), 230 Ill. App. 3d 795, 596 N.E.2d 31.) The Department contends that Sender is subject to discipline as an owner because "he owned 50% of the store." We disagree. The owner of Sure Save Drugs was a corporation, Meyer Drug and Truss Company, not Sender. A corporation is a distinct legal entity, and a shareholder is not the owner of corporate property. (*Earp v. Schmitz* (1948), 334 Ill. App. 382, 79 N.E.2d 637.) Sender did not own controlling shares, nor does the Department contend that the corporation's structure was fraudulent. The Department erred when it found that Sender was an owner of the pharmacy based solely on his status as a 50% shareholder of Meyer Drug and Truss Company.

■ We next address whether the Department erred when it ruled that Sender violated section 30(19) of the Pharmacy Practice Act. This section allows the Department to suspend any license of registration "[u]pon a finding of a substantial discrepancy in a Department audit of a prescription drug." (Ill. Rev. Stat. 1987, ch. 111, par. 4150(19).) The Pharmacy Practice Act places the responsibility of "all aspects of the operation related to the practice of pharmacy" on the pharmacist in charge. (See Ill. Rev. Stat. 1987, ch.

111, par. 4123(l).) Sender was not the pharmacist in charge; he was a staff pharmacist who worked part-time at the pharmacy. He did not order the prescription drugs, nor was he responsible for the shortage of prescription drugs. He filled prescriptions and ordered the cigarettes, sundries, and nonprescription drugs. We find the Department erred in ruling that Sender was responsible under the Pharmacy Practice Act.

■ Weiner and Sender argue that the Department erred in ruling that they violated sections 304(a)(6) and 306 of the Controlled Substances Act. Section 304(a)(6) allows the Department to discipline a registrant under the Controlled Substances Act if it finds a failure "to provide effective controls against the diversion of controlled substances." (Ill. Rev. Stat. 1987, ch. 56½, par. 1304(a)(6).) Section 306 states, "Every practitioner and person registered to manufacture, distribute or dispense controlled substances under this Act shall keep records and maintain inventories in conformance with the record-keeping and inventory requirements of the laws of the United States ***." (Ill. Rev. Stat. 1987, ch. 56½, par. 1306.) The pharmacy was registered under the Controlled Substances Act, but Weiner and Sender were not. They contend they could not have violated these sections because they were not registered under the Controlled Substances Act. This court rejected the same argument in *Talman v. Department of Registration & Education* (1979), 78 Ill. App. 3d 450, 397 N.E.2d 151. There we held, "Rather than including only *registered* practitioners within its scope, *** we believe the statute should be read to encompass *all* practitioners in addition to 'persons registered to manufacture ***.' " (Emphasis in original.) (*Talman*, 78 Ill. App. 3d at 455, 397 N.E.2d at 155.) As with the plaintiff in *Talman*, Weiner comes within the scope of the requirements of the Controlled Substances Act. However, the plaintiff in *Talman* is distinguishable from Sender. In *Talman*, the plaintiff ordered prescription drugs, maintained records, and kept an inventory of the invoices. The record shows no evidence that Sender was responsible for maintaining the records or inventory of prescription drugs at the pharmacy. We do not read *Talman* to apply to a part-time pharmacist who is not responsible for keeping records or maintaining inventories. We find the Department erred in finding that Sender violated the Controlled Substances Act.

■ Finally, Weiner argues that his suspension for five years and fine of $2,000 are an abuse of discretion. An agency abuses its discretion when it acts arbitrarily and capriciously or when it imposes an overly harsh sanction in view of mitigating circumstances. (*Citrano v. Department of Registration & Education* (1980), 90 Ill. App.

3d 937, 940, 414 N.E.2d 74, 77; *Cartwright v. Illinois Civil Service Comm'n* (1980), 80 Ill. App. 3d 787, 793, 400 N.E.2d 581, 586.) Here, the hearing officer recommended that Weiner's license be suspended for a minimum of 30 months. The Department doubled this sanction and added a monetary fine without explanation. The Department did not dispute the hearing officer's findings, nor did it make additional findings of fact to support its increase in the penalty imposed. Further, Weiner admitted his employee stole the prescription drugs. In mitigation Weiner stated that he hired a private investigator when he first learned of the theft. When the investigator verified that the employee stole the prescription drugs, Weiner fired the employee. Weiner has been practicing pharmacy for more than 32 years. He has never been disciplined before. We find the penalty imposed is overly harsh and arbitrary.

We affirm the findings that Weiner violated the cited provisions of the Pharmacy Practice Act, the Controlled Substances Act, and the Illinois Administrative Code, but vacate the fine and suspension imposed and remand for reconsideration based upon this opinion and review of the recommendations of the hearing officer. We reverse the findings as to Sender and vacate the fine and suspension.

Affirmed in part; reversed in part and remanded.

JOHNSON and HOFFMAN, JJ., concur.