FINLEY C. CAMPBELL, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (4th Division) No. 1—89—1008

Opinion filed March 28, 1991.—Rehearing denied May 2, 1991.

Finley C. Campbell, of Chicago, appellant *pro se.*

Roland W. Burris, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jerald S. Post, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This matter comes before this court on appeal by plaintiff, Finley C. Campbell, from the circuit court of Cook County. On November 22, 1988, Mr. Campbell filed a complaint for administrative review before the trial court. He sought to set aside a final administrative decision of the Department of Employment Security (hereinafter the Department) that found him ineligible for unemployment compensation. The trial court confirmed the decision of the Department. Subsequently, plaintiff filed this appeal. The issues presented for review are (1) whether the trial court had subject matter jurisdiction to review the determination of the Department, and (2) whether the Department's decision that plaintiff was ineligible for unemployment insurance benefits was against the manifest weight of the evidence.

We affirm.

BACKGROUND

Mr. Campbell has been employed as a "call" teacher for the past 26 years. In 1983, he began work as a part-time teacher at Columbia College. He was employed by Columbia College during the spring terms from 1983 through 1985, and during the fall term of 1984. During this same period of time, Mr. Campbell taught at Prairie State College in September 1984, and worked as both a part-time instructor and full-time teacher at Chicago State University in the fall of 1984. He later taught two courses at Chicago State University from January to April 1985. In addition, he taught two courses at Malcolm X College from February to May 1985. Mr. Campbell also taught one course at Columbia College from February to June 1985, and two courses at that same institution in the fall of 1985.

During the summer of 1985, Mr. Campbell applied for employment with Columbia College; however, he was unsuccessful. Subsequently, he applied for unemployment insurance benefits, at which time he was expected to return to Columbia College in February 1986. Mr. Campbell did, in fact, return to Columbia College as an instructor from February through May 1986. He also obtained a verbal contract to teach two courses in the summer of 1986, but he was not given a teaching position because an insufficient number of students registered for his courses.

On July 5, 1985, Columbia College filed an employer notice of possible ineligibility. On July 26, 1985, a claims adjudicator found that Mr. Campbell was ineligible for unemployment compensation pursuant to the provisions of section 612 of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 442). Despite this finding, Mr. Campbell continued to receive unemployment compensation. On April 14, 1986, Columbia College protested the issuance of benefits to Mr. Campbell, noting that the claims adjudicator had found him ineligible on July 26, 1985.

On May 16, 1986, the Department issued a notice of reconsidered determination and recoupment, indicating that Mr. Campbell had been overpaid a sum of $209 per week for the 17 weeks from the week ending on June 29, 1985, through the week ending October 12, 1985. In the spring of 1986, he received a recoupment bill from the Department for $3,077.

On May 30, 1986, Mr. Campbell filed an application for reconsideration of the original determination of the claims adjudicator. He maintained that he was entitled to unemployment compensation because he was employed on a semester-by-semester basis, and that he was never

employed for a full academic year. On June 26, 1986, a second claims adjudicator affirmed the initial adjudicator's finding of ineligibility.

On July 9, 1986, Mr. Campbell filed yet another application for reconsideration of the claims adjudicator's determination. He appealed the decision on the following two grounds: (1) the decision did not address the recoupment; and (2) the decision was unfair because he did not know that he was required to appeal the original 1985 denial of unemployment compensation, as he had been informed by an agent of the Department that it was not necessary to do so because he was receiving benefit checks.

Mr. Campbell also submitted a letter to the Employment Security Commission in support of his position. This letter, which was addressed to him and signed by Ms. Lya Dym Rosenblum, the Dean of Columbia College, was entitled "part-time teacher salary authorization." The letter states in pertinent part:

"This records the engagement by Columbia College of the person identified above for the period beginning February 18, 1985, and ending June 8, 1985 to teach the class(es) listed below. The total stipend for this engagement will be indicated as below. It is understood by both parties that this is a limited engagement for a limited purpose and does not constitute an offer or acceptance of permanent employment and does not include any payment, 'fringe benefit,' or renumeration other than the total shown below. It is further understood that the termination of this engagement on the date shown does not constitute termination of employment, but merely the completion of a contract for services."

On July 21, 1986, a hearing was held before referee Lamberto Arzadon. Referee Arzadon noted that Mr. Campbell should have filed his appeal within 30 days of the claims adjudicator's decision on July 26, 1985. Mr. Campbell responded by asserting that he was unaware of his ineligibility for unemployment compensation until he received the recoupment order. He maintained that he appealed the decision to the satisfaction of the person at the local office of the Department located at 55th Street and South Michigan Avenue in Chicago, Illinois, and that this person told him to disregard the notice of ineligibility. On July 23, 1986, Referee Arzadon found that Mr. Campbell's appeal had been filed after the deadline and dismissed the appeal on that basis.

Mr. Campbell then appealed to the board of review. Upon his appeal to the board of review, he submitted a letter dated August 18, 1986, sent to him by Mr. Peter Christiansen, the literature coordinator at Columbia College. This letter states, in its entirety, as follows:

"Many apologies for not responding earlier to your letter. As you know, I've been out of the country, and a number of things have slipped by me. I hope that this belated answer will be satisfactory.

As literature coordinator of the department, I would love to be able to assure people of continued employment, at least on the part-time basis which at present concerns you, but there are far too many obstacles in the way of this desire. Let me list a few of them[:]

1. When you are scheduled (tentatively) to teach a class (or classes), there is, at the time the schedule is drawn up, no contractual guarantee that you will have employment.

2. There is no assurance that any such class will have full enrollment, which is a major condition of employment.

3. There is no absolute assurance that money will be available for these courses, since it might be shifted at the last minute.

4. If any full-time people do not have a full load due to cancellation [sic] of classes (or for any other reason), they have a right to 'bump' part-timers.

5. Although it is true that you have worked at Columbia off and on since 1984, there is no formal or reasonable assurance that you will be hired for any subsequent semester, since only full-timers, who have official contracts, can only have assurance.

Therefore, while I sympathize with your plight, I can in no wise agree that Columbia College has to compensate you for your cancelled classes, since neither I nor anyone else at the college is authorized to guarantee you employment. I can offer you employment for any semester, on a part-time basis, as you know, but I cannot reasonably or legally guarantee you any such employment."

On October 27, 1986, the board of review upheld the referee's determination that Mr. Campbell's appeal was delinquent.

Plaintiff Campbell next appealed to the circuit court of Cook County for administrative review. The defendants prevailed. He then appealed to this court, we ordered that the matter be remanded to the Department upon the Department's motion.

On April 29, 1988, Mr. Campbell had another hearing before referee Andrew Kot. Referee Kot noted that the court's order of remand required a hearing on the merits with respect to Mr. Campbell's eligibility for benefits in light of section 612 of the Unemployment Insur-

ance Act (Ill. Rev. Stat. 1987, ch. 48, par. 442). At the hearing, Mr. Campbell testified with respect to his employment history. After the hearing, he submitted two "Statements of Facts" which contained corrections of his former testimony. A second hearing was held before Referee Kot on June 27, 1988, in light of these "Statements of Facts." On October 14, 1988, the board of review determined that section 612 of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 442) applied to Mr. Campbell, and it upheld the original claims adjudicator's finding of ineligibility.

A copy of the order of the board of review was dated and mailed to Mr. Campbell on October 14, 1988. Twelve days later, a second copy of the decision was mailed to Mr. Campbell. The second notice was addressed to Columbia College, but the address written was incorrect. Mr. Campbell later received the second copy of the decision bearing a corrected address for the employer Columbia College. Mr. Campbell eventually received both notices. However, he received the second notice of the order mailed on October 26 before he received the notice which was mailed first. He filed his complaint on the 35th day after receiving the second notice.

Plaintiff Campbell appealed to the circuit court of Cook County again on November 22, 1988. The Department and Columbia College moved to dismiss for lack of jurisdiction, on the basis that plaintiff filed his complaint 39 days after the notice of the administrative decision was filed, when he was required to file his complaint for administrative review 35 days after the mailing of the administrative decision.

The parties next appeared before the circuit court of Cook County on March 7 and 20, 1989. The court denied defendants' motions to dismiss, but confirmed the administrative determination of ineligibility. It is from the latter part of this decision that plaintiff appeals.

OPINION

I

First, plaintiff maintains that the trial court had jurisdiction over his case based upon notions of "justice and fair play." Plaintiff fails to cite any case law or statutory authority in support of his position.

Defendants allege that the trial court had no jurisdiction over this case and that it erred by denying defendants' motion to dismiss. Defendants rely upon article VI, section 9, of the Illinois Constitution (Ill. Const. 1970, art. VI, §9), section 1100 of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 520), and section 3—103

of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 3—103). Defendants also rely upon *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, *Cox v. Board of Fire & Police Commissioners of the City of Danville* (1982), 107 Ill. App. 3d 704, and *City of Chicago v. Shayne* (1963), 27 Ill. 2d 414.

■ The Illinois Constitution provides that "Circuit Courts shall have such power to review administrative action as provided by law." (Ill. Const. 1970, art. VI, §9.) The Unemployment Insurance Act makes no provision for service of process, but adopts the provisions of the Administrative Review Law. (Ill. Rev. Stat. 1987, ch. 48, par. 520.) The Administrative Review Law provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1987, ch. 110, par. 3—103.) The 35-day period for commencing review proceedings begins to run on the date that a copy of the administrative decision is mailed to the affected party. *Cox v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 704, 707.

■ The Illinois Supreme Court has ruled that "[where a court exercises] special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it." (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210.) The supreme court also found that "where jurisdiction of the subject matter does not exist, it cannot be conferred upon [the trial] court by consent of the parties or by their acquiescence." *City of Chicago v. Shayne* (1963), 27 Ill. 2d 414, 418.

■ We find that the trial court had jurisdiction over the case at bar. The board of review mailed plaintiff a copy of its decision on October 14, 1988. He filed his complaint for administrative review on November 22, 1988. Although plaintiff appealed 39 days after the board's decision was first mailed, he filed his complaint on the 35th day after receiving a copy of the decision. Initially, a copy of the order of the board of review was dated and mailed to plaintiff on October 14, 1988. Twelve days later, another copy of the decision was mailed to him. This notice was mailed to Columbia College, plaintiff's last employer, bearing the college's incorrect address. Plaintiff received a copy of this second notice bearing a corrected address for the employer Columbia College. He received the second notice of the order prior to the notice which was mailed first. In the interest of justice and fair play, we find that plaintiff filed notice of appeal in a timely manner. We rule that plaintiff complied with the statute, and jurisdic-

tion was not created by the consent of the parties or their acquiescence. Accordingly, we find that the trial court had jurisdiction to hear plaintiff's complaint.

## II

Plaintiff next contends that the trial court's finding should be reversed because he had no reasonable assurance of employment for the fall semester of 1985. First, plaintiff asserts that defendants had no right to assume that he had a reasonable assurance of obtaining employment. Plaintiff maintains that he was "unemployed" pursuant to the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 442) because as a part-time academic, he had no guaranteed income and no summer vacations. Plaintiff also asserts that he was "unemployed" pursuant to the aforementioned Act because he was unable to secure a full-time teaching position, and he was denied promised employment as a part-time instructor. Second, plaintiff argues that the board of review erred by considering his employment history at three different educational institutions rather than limiting its consideration to his employment history at Columbia College. Finally, plaintiff maintains that he should not have to pay recoupment because there was no explanation as to why he was classified ineligible to receive benefits. Again, plaintiff fails to cite any statutory or common law authority in support of his contention.

Defendants maintain that if we find that the trial court had jurisdiction over this case, we should affirm the trial court's holding on the merits because plaintiff had a reasonable assurance of continued employment in the fall of 1985 and was thus ineligible for unemployment compensation pursuant to section 612 of the Unemployment Insurance Act. (Ill. Rev. Stat. 1987, ch. 48, par. 442.) Defendants also maintain that plaintiff's complaint with respect to recoupment may not be considered by this court because the Department has not yet considered whether the plaintiff is not liable for recoupment due to his absence of fault for overpayment, or whether recoupment would be against equity and good conscience. Defendants rely upon relevant provisions of the Federal Unemployment Tax Act (also referred to as FUTA) (26 U.S.C. §§3301, 3302, 3304 (1988)), section 503 of the Social Security Act (42 U.S.C. §503 (1988)), and section 900 of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 490). Defendants also rely upon *Cabais v. Egger* (D.C. Cir. 1982), 690 F.2d 234, *Basketfield v. Police Board* (1974), 56 Ill. 2d 351, and *Davern v. Civil Service Comm'n* (1970), 47 Ill. 2d 469.

In rebuttal, plaintiff maintains that section 612 of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 442) is inapplicable in this case because the statute was not "openly presented" as a means of disqualifying him for unemployment compensation.

In *Cabais v. Egger* (D.C. Cir. 1982), 690 F.2d 234, the District of Columbia Circuit made the following observation:

> "Unemployment Insurance *** is a joint federal-state responsibility. Under the Federal Act, employers must pay federal unemployment taxes on wages paid while each state provides unemployment compensation to claimants in accordance with state law. If the laws of a state comply with minimum federal standards ***, employers in that state are allowed a ninety percent credit against FUTA tax liability. In addition, *** states *** receive federal grants to cover the necessary costs of administering the state program if the program meets [federal] requirements ***." *Cabais*, 690 F.2d at 235-36.

See 26 U.S.C. §§3301, 3302, 3304 (1988); 42 U.S.C. §503 (1988).

■ States must comply with the following minimum standards enunciated in section 3304 of the Federal Unemployment Tax Act:

> "(6)(A) [C]ompensation is payable *** except that[:]
>
> (i) with respect to services in an instructional *** capacity for an educational institution ***, compensation shall not be payable based on such services for any week commencing during the period between two successive academic years or terms (or, when an agreement provides instead for a similar period between two regular but not successive terms, during such period) to any individual if such performs such services in the first or such academic years (or terms) and if there is a contract or reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms ***." 26 U.S.C. §3304(a)(6)(A)(i) (1988).

See 26 U.S.C. §3304(c) (1988); 42 U.S.C. §503(a) (1988).

In compliance with these requirements, section 612 of the Unemployment Insurance Act makes the following similar provisions:

> "An individual shall be ineligible for benefits, on the basis of wages for service in employment in an instructional *** capacity performed for an educational institution *** during a period between two successive academic years, or during a similar period between two regular terms, whether or not successive, or during a period of paid sabbatical leave provided for in the individual's contract, if the individual performed such service in

the first of such academic years (or terms) and if there is a contract or a reasonable assurance that the individual will perform service in any such capacity for any educational institution in the second of such academic years (or terms)." Ill. Rev. Stat. 1987, ch. 48, par. 442(B)(1).

■■ The Code of Civil Procedure specifies that "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." Ill. Rev. Stat. 1987, ch. 110, par. 3—110.

■■ In addition, the Illinois Supreme Court has mandated that "the permissible scope of judicial inquiry concerning factual determinations by administrative agencies has been limited to ascertaining if the agency decision was contrary to the manifest weight of the evidence." (*Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 358.) The supreme court has also held that "[t]he courts [shall] not reweigh the evidence, but are limited to a determination [of] whether the final decision of the administrative agency is just and reasonable in light of the evidence presented." *Davern v. Civil Service Comm'n* (1970), 47 Ill. 2d 469, 471.

The board of review found that plaintiff had a reasonable assurance of employment with an educational institution during the following fall term. Both Federal and State law provide that an instructor who is an employee of an educational institution is ineligible for unemployment benefits if the instructor was employed "during a period between two successive academic years, or during a similar period between two regular [academic] terms, whether or not successive, * * * and if there is a * * * reasonable assurance that the individual will perform service in any such capacity for any educational institution in the second of such academic years [or academic terms]." 26 U.S.C. §3304(a)(6)(A)(i) (1988); Ill. Rev. Stat. 1987, ch. 48, par. 442(B)(1).

■■ The findings and conclusions of the board of review on questions of fact are *prima facie* true and correct. (See Ill. Rev. Stat. 1987, ch. 110, par. 3—110.) We cannot reweigh the evidence; however, we may determine whether the final decision of the board of review is just and reasonable in light of the evidence presented. (See *Davern v. Civil Service Comm'n* (1970), 47 Ill. 2d 469, 471.) We find that the facts support the finding of the board of review. The facts show that plaintiff had always been able to obtain employment during the fall term. In 1983, plaintiff obtained work as a part-time teacher at Columbia College. Plaintiff was employed by Columbia College during the spring terms from 1983 through 1985, and during the fall term of 1984. Plaintiff also worked at Prairie State College in September

1984, and as both a part-time and a full-time teacher at Chicago State University in the fall of 1984. Plaintiff later taught two courses at Chicago State University from January to April 1985. In addition, plaintiff taught two courses at Malcolm X College in Chicago from February to May 1985. During that same period of time, plaintiff taught one course at Columbia College from February to June 1985, and two courses in the fall of 1985 at the same institution.

■■ Plaintiff's contention in his reply brief that section 612 of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 442) is inapplicable to the instant case because the statute was not "openly presented" as a means of rendering plaintiff ineligible for unemployment compensation does not pass muster. Section 612 was "openly presented" and discussed as a basis for plaintiff's ineligibility for benefits during his hearing before Referee Kot.

■■ In addition, plaintiff's employment or lack of employment during the summer months is irrelevant because the applicable Federal and State statutes (26 U.S.C. §3304(a)(6)(A)(i) (1988); Ill. Rev. Stat. 1987, ch. 48, par. 442(B)(1)) were designed to address the common academic practice of instructors not teaching during the summer months.

■■ Finally, we find that the board of review did not err when it considered plaintiff's employment history at three educational institutions, rather than limiting the scope of its analysis to plaintiff's employment history at Columbia College. The relevant statutes do not limit the consideration of a claimant's employment history to one educational institution. Therefore, the board of review's actions were appropriate.

Accordingly, we find that the decision of the board of review was just and reasonable in light of the evidence presented and was not contrary to the manifest weight of the evidence. (See *Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 358; *Davern v. Civil Service Comm'n* (1970), 47 Ill. 2d 469, 471.) We affirm the trial court's finding with respect to this issue.

Finally, plaintiff argues that he should not have to pay recoupment because the Department and the trial court erred when they failed to give plaintiff an explanation as to why he was classified ineligible to receive benefits.

Defendants properly maintain that plaintiff's contention with respect to recoupment may not be considered by this court because the Department has not yet considered whether the recoupment issue of absence of fault for overpayment or whether recoupment would be against equity and good conscience.

 When an individual receives benefits for which he is determined to have been ineligible, the benefits paid to him may be "recouped." (Ill. Rev. Stat. 1987, ch. 48, par. 490(A).) "No recoupment shall be begun *** if an appeal has been filed, until the decision of a Referee has been made thereon affirming the decision of the Claims Adjudicator." (Ill. Rev. Stat. 1987, ch. 48, par. 490(B).) Recoupment may be waived upon an individual's request if the benefits were "received by the individual without fault on his part and if such recoupment would be against equity and good conscience." Ill. Rev. Stat. 1987, ch. 48, par. 490(A)(2).

 There is no evidence in the record that plaintiff ever requested a statutory waiver of recoupment. The record indicates that plaintiff limited his appeals to the issue of ineligibility. On May 30, 1986, plaintiff filed an application for reconsideration of the claims adjudicator's determination of plaintiff's ineligibility. On July 21, 1986, plaintiff was granted a hearing before Referee Arzadon at which he contested the finding of ineligibility. On April 29, 1988, plaintiff appeared before Referee Kot. The hearing before Referee Kot was a hearing on the merits with respect to plaintiff's eligibility for benefits in light of section 612 of the Unemployment Insurance Act. (Ill. Rev. Stat. 1987, ch. 48, par. 442.) Plaintiff failed to specifically request a waiver of recoupment at any of the aforementioned proceedings. Plaintiff also failed to make this request during his appeal to the trial court. Therefore, plaintiff has failed to exhaust his administrative remedies with respect to this issue. We cannot relieve plaintiff of his obligation to pay recoupment because he failed to raise the waiver issue below.

For the aforementioned reasons, we affirm the decision of the trial court.

Affirmed.

LINN and McMORROW, JJ., concur.