PATRICK MITCHELL, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE et al., Defendants-Appellees.

First District (3rd Division)   No. 1—90—2176

Opinion filed June 10, 1992.

Griffin & Fadden, Ltd., of Chicago (Lawrence G. Staat and John E. Fish, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jerald S. Post, Assistant Attorney General, of Chicago, of counsel), for appellee Department of Revenue.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Defendant Patrick Mitchell appeals from the circuit court's administrative review which affirmed the assessment of the administrative law judge (ALJ) that defendant is liable to the Illinois Department of Revenue (DOR) for penalties totaling $39,774.78 for willful failure to remit employer's withholding tax payments for 1981, 1982 and the first and fourth quarters of 1983.

Our decision in this case turns upon a determination as to the appropriate section of the Illinois Income Tax Act employed to impose the assessment against defendants and accordingly which statute of limitations is applicable to that assessment.

Section 905(c) provides that if no return is filed, a notice of deficiency may be issued at any time. Ill. Rev. Stat. 1989, ch. 120, par. 9—905(c).

Section 905(j), however, deals expressly with withholding taxes and provides that in the case of returns required by the Act, a notice of deficiency shall not be issued later than three years, three months and 15 days following the close of the calendar year. Ill. Rev. Stat. 1989, ch. 120, par. 9—905(j).

Defendant contends that (1) he was improperly found liable for the penalties under section 905(c) of the Illinois Income Tax Act, since section 905(j) and its statute of limitations should have been applied to find the action against him time-barred, and (2) even if this court finds him liable under section 905(c), he cannot be penalized for the 1981 and 1982 returns because the DOR failed to make a *prima facie* showing that those returns were not filed.

We affirm the lower court's finding that defendant is liable under section 905(c) for the 1983 penalties, but we reverse as to the 1981 and 1982 penalties since we find the DOR failed to make a *prima facie* showing that those returns were never filed.

Mitchell was president, chief executive officer and a 50% shareholder of Mitco Sales, Inc., which, having accumulated Federal payroll tax arrearages, was dissolved in December 1983. After an audit conducted by the DOR's Bureau of Criminal Investigation, the DOR determined that Mitco had failed to file withholding returns for all quarters of 1981, 1982 and the first and fourth quarters of 1983. On May 27, 1988, DOR then issued notices of deficiency to Mitchell and other Mitco officers seeking penalties for willful failure to collect and pay over withholding taxes for the quarters in question, pursuant to section 1002 of the Illinois Income Tax Act. Ill. Rev. Stat. 1989, ch. 120, par. 10—1002.

Mitchell and the other officers filed protests, and after an evidentiary hearing, the ALJ found Mitchell to be the responsible officer for payment of withholding taxes, that he willfully failed to remit those taxes, and that he was liable for penalties under section 1002(d) of the Act for $39,774.

After that finding was accepted by the Director of the DOR, Mitchell sought administrative review in the circuit court of Cook County. That court affirmed the DOR's decision.

Defendant first contends section 905(j) should apply to his situation instead of section 905(c) and that issuance of the DOR's notice of deficiency was barred by section 905(j), which provides:

"(j) Withholding tax. In the case of returns required under Article 7 of this Act (with respect to any amounts withheld as tax or any amounts required to have been withheld as tax) a notice of deficiency shall be issued not later than 3 years

after the 15th day of the 4th month following the close of the calendar year in which such withholding was required." Ill. Rev. Stat. 1989, ch. 120, par. 9—905(j).

Defendant argues that pursuant to the statute of limitations set out in section 905(j), the notice of deficiency sent to him on May 27, 1988, was time-barred since the final day for issuing a notice for each of the years in question was: For 1981, the last day to issue a notice was April 15, 1985; for 1982, the last day was April 15, 1986; for 1983, the last day was April 15, 1987.

Defendant argues that the plain language of section 1002(e)(1) also supports his contention that the section 905(j) time limitation applies since that section provides that as to any penalty assessed, the notice, demand and collection shall be in the same manner as the original tax upon which the penalty is predicated. Ill. Rev. Stat. 1989, ch. 120, par. 10—1002(e)(1).[1]

Defendant claims section 1002(e)(1) provides that any notice of deficiency asserting penalties for failure to pay withholding taxes must be issued within the period permitted for the assessment of withholding taxes, and that the DOR's notice for penalties was time-barred in this case.

We disagree with defendant's contentions.

While an administrative agency's factual findings are considered *prima facie* correct and will not be set aside unless they are against the manifest weight of the evidence, a reviewing court is not bound to give the same deference to an agency's conclusions of law since a reviewing court must exercise independent review and judgment. *Kankakeeland Community Action Program, Inc. v. Department of Commerce & Community Affairs* (1990), 197 Ill. App. 3d 1067, 1077, 557 N.E.2d 277; *Russell v. Department of Central Management Services* (1990), 196 Ill. App. 3d 641, 644, 554 N.E.2d 464; *Illinois Bell Telephone Co. v. Human Rights Comm'n* (1989), 190 Ill. App. 3d 1036, 1045-46, 547 N.E.2d 499; *Rodgers v. Department of Employment Security* (1989), 186 Ill. App. 3d 194, 198, 542 N.E.2d 168.

---

[1]Section 1002(e)(1) (Ill. Rev. Stat. 1989, ch. 120, par. 10—1002(e)(1)) provides:
"Except as provided in paragraphs (2), (3) and (4), the penalties provided by this Act shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes and any reference in this Act to the tax imposed by this Act shall be deemed also to refer to penalties provided by this Act."

The penalties at issue here were imposed upon Mitchell in his capacity as a responsible officer of Mitco for his willful failure to cause a return to be filed and to collect and pay withholding taxes, pursuant to section 1002(d) of the Act.

■ Section 905(a) provides the general three-year statute of limitations for notices of deficiency.[2]

Section 905(c) provides an exception to the general statute of limitations and is applicable in this instance.[3] This section addresses the consequences of a total failure to file any return.

By its express terms, section 905(j) applies only to those withholding tax situations where returns have actually been filed. Where the return has been filed, a notice of deficiency must be filed within three years, three months and 15 days after the close of the calendar year.

The General Assembly further provided that there be an additional penalty for the failure to file withholding returns. Ill. Rev. Stat. 1989, ch. 120, par. 10—1004.

This seemingly minor penalty is "[i]n addition to any other penalties imposed by (the) Act." Ill. Rev. Stat. 1989, ch. 120, par. 10—1004.

Accordingly, the circumstances of this case are governed by section 905(c), which relates to taxpayers or persons derivatively liable for taxes who fail to file tax returns. In such cases, the notice of deficiency may be issued at any time without limitation.

The legislature's distinction in this regard is perfectly reasonable. On the one hand (under section 905(j)), a return has been filed and the State may examine it, determine its reasonableness, conduct an audit or such other inquiry as may be appropriate. On the other hand (under section 905(c)), the State is not on notice that any wages were paid and sums withheld and ought not to be fore-

---

[2]Section 905(a) (Ill. Rev. Stat. 1989, ch. 120, par. 9—905(a)) provides:
  "Except as otherwise provided in this Act:
    (1) A notice of deficiency shall be issued not later than 3 years after the date the return is filed, and
    (2) No deficiency shall be assessed or collected with respect to the year[s] for which the return was filed unless such notice is issued within such period."

[3]Section 905(c) (Ill. Rev. Stat. 1989, ch. 120, par. 9—905(c)) provides:
  "No return or fraudulent return. If no return is filed or a false and fraudulent return is filed with intent to evade the tax imposed by this Act, a notice of deficiency may be issued at any time."

closed from asserting the claim against the employer or someone derivatively liable for such taxes.

In order to come within the penumbra of section 905(c), the State must allege and prove that returns were not filed for the years in question, since the filing of returns would make section 905(j) applicable.

As to the returns for the years 1981 and 1982, defendant contends, and we agree, that the DOR made no attempt to check its records to determine whether the returns were filed and therefore did not carry its burden in showing that the returns were not filed.

The DOR's investigator testified that he requested copies of Form IL-941 from the DOR Taxpayer Record Section for the quarters of 1983 only, and stated that he did not know if anyone else at DOR had requested copies of the 1981 and 1982 returns. Without foundation, he testified that it was his "recollection" that returns were not filed for 1981 and 1982. The DOR's auditor acknowledged that she did not attempt to determine whether returns for the 1981 and 1982 period were filed, but rather relied upon the evidence produced in the investigation. She simply used the returns provided, which were for two quarters in 1983, to project back to 1981 and 1982 to compute defendant's penalties for those years.

■■ The Code of Civil Procedure specifies that "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct." (Ill. Rev. Stat. 1989, ch. 110, par. 3—110.) However, whether an agency has properly stated a *prima facie* case is a question of law, and a reviewing court must determine whether an agency abused its discretion. (*City of Chicago v. Illinois Local Labor Relations Board* (1988), 182 Ill. App. 3d 588, 594, 536 N.E.2d 1219.) It is an abuse of discretion if the agency's factual determinations are against the manifest weight of the evidence. *Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 358, 307 N.E.2d 371; *Campbell v. Department of Employment Security* (1991), 211 Ill. App. 3d 1070, 1080, 570 N.E.2d 812; *Wilson v. Board of Fire & Police Commissioners* (1990), 205 Ill. App. 3d 984, 990, 563 N.E.2d 941.

■■ While we do not reweigh the evidence, we cannot say that the ALJ's finding that defendant did not file returns for 1981 and 1982 is just and reasonable in light of the evidence presented. The evidence presented was merely the investigator's "recollection" that those returns were not filed. There was no evidence introduced to establish that the returns were not filed, nor even any testimony that a search had been made for the 1981 and 1982 returns. There

was no indication in the record of the basis of the investigator's recollection.

A court may not hesitate to grant relief where the record does not disclose evidentiary support for the agency's determination. (*Basketfield,* 56 Ill. 2d at 359; *Commonwealth Edison Co. v. Property Tax Appeal Board* (1983), 115 Ill. App. 3d 371, 378, 450 N.E.2d 780; *Greene v. Board of Election Commissioners* (1983), 112 Ill. App. 3d 862, 871, 445 N.E.2d 1337.) We find that the record in this case is devoid of any evidentiary support for the agency's factual determination that returns were not filed for 1981 and 1982.

We disagree with the trial court that the DOR's allegations that returns were not filed for 1981 and 1982 are entitled to a *"prima facie* presumption of correctness" so as to encourage taxpayers to keep comprehensive and accurate records, relying on *Smith v. Department of Revenue* (1986), 143 Ill. App. 3d 607, 493 N.E.2d 653. That case involved owners' failure to pay taxes due under the Retailers' Occupation Tax Act for seven furniture stores operated in Missouri and Illinois. However, in that case, the DOR had already established that the defendants filed no returns for taxes owed. The *Smith* court held that the DOR, having established a failure to file returns, was entitled to a presumption of correctness regarding its computation of the amount of tax owed. *Smith,* 143 Ill. App. 3d at 608, 610-11.

Plaintiff also contends that there is a presumption of correctness that attaches to the DOR's determination and that defendant did not adequately rebut that presumption by testifying that he believed the returns were filed. However, we point out that before any presumption of correctness attaches, the agency must properly make its *prima facie* showing. Only after that is done is any presumption of correctness taken by a reviewing court. There was no *prima facie* showing here since the record fails to establish the DOR's contention as being in accordance with the manifest weight of the evidence presented.

We acknowledge, however, that where the issue is merely one of conflicting testimony and a witness' credibility, the agency's determination is generally sustained. (*Keen v. Police Board* (1979), 73 Ill. App. 3d 65, 70-71, 391 N.E.2d 190; *Letourneau v. Department of Registration & Education* (1991), 212 Ill. App. 3d 717, 726, 571 N.E.2d 783.) But in the case at bar, the issue is whether the evidence provides just and reasonable support for the agency's conclusion and is not a matter of witness credibility. See *Letourneau,* 212 Ill. App. 3d at 728.

Therefore, we must reduce the penalties assessed defendant under section 1002(d) to exclude those penalties charged for 1981 and 1982. According to the ALJ's figures, a penalty was assessed against plaintiff for a total of $14,384.09 for all of 1981 and $20,143.60 for all of 1982. Subtracting these two amounts from the total penalty of $39,774.58 originally assessed defendant, we find defendant now owes only $5,246.89.

For the foregoing reasons, we affirm in part and reverse in part by reducing defendant's section 1002(d) penalties to exclude the amounts from 1981 and 1982.

Affirmed in part and reversed in part.

RIZZI and CERDA, JJ., concur.