ELIZABETH TONER, Plaintiff-Appellee, v. THE RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO, Defendant-Appellant.

First District (4th Division)    No. 1—92—2507

Opinion filed February 24, 1994.

JOHNSON, J., dissenting.

David R. Kugler, of Chicago, for appellant.

Ahern & Maloney, of Skokie (Edward M. Maloney, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Elizabeth Toner (plaintiff), brought this action in the circuit court of Cook County under the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*) seeking review of the decision of the defendant, the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (Board), which fixed the pension benefits to which she became entitled upon the death of her husband, John C. Toner (Toner), a retired Chicago police officer. The circuit court reversed the decision of the Board and found that the plaintiff was entitled to an additional $27,955.87 in pension benefits for the period from August 17, 1987, through January 1, 1991. The Board has appealed, and for the following reasons, we affirm the decision of the circuit court.

BACKGROUND

The facts giving rise to this action are not in dispute. Toner was born on December 9, 1922. He was appointed to the Chicago police department in 1947 and became a participant in the policemen's annuity and benefit fund. (See Ill. Rev. Stat. 1987, ch. 108¹/₂, par.

5—101 *et seq.*) On December 9, 1985, while still employed as an active policeman by the City of Chicago, Toner attained age 63. Pursuant to the provisions of the Illinois Pension Code (the Pension Code or Code) then in effect, Toner's "age and service annuity" benefits as a participant in the fund were fixed as of the date that he attained age 63 even though he continued to be employed as an active policeman. (Ill. Rev. Stat. 1985, ch. 108¹/₂, par. 5—128.) On April 30, 1986, Toner retired from the police department and began to receive annuity benefits from the fund; on August 17, 1987, Toner died leaving the plaintiff as his surviving spouse.

The plaintiff filed a claim with the Board for the widow's annuity under the Pension Code. (See Ill. Rev. Stat. 1987, ch. 108¹/₂, par. 5—134 *et seq.*) After considering the plaintiff's claim, the Board applied the maximum widow's annuity under sections 5—136 and 5—148 of the Code (Ill. Rev. Stat. 1987, ch. 108¹/₂, pars. 5—136, 5—148) and awarded the plaintiff $500 per month.

The plaintiff sought administrative review of that decision in the circuit court contending that the Board incorrectly fixed the monthly annuity. The plaintiff contended that her annuity should have been calculated pursuant to section 5—136.1(c) of the Pension Code (Ill. Rev. Stat. 1987, ch. 108¹/₂, par. 5—136.1(c)).

The circuit court agreed and found that the plaintiff's widow's annuity should have been calculated under section 5—136.1(c). The court reversed the Board's decision and determined that the Board owed the plaintiff $27,955.87 for the deficiency in the payments made to her from August 17, 1987, the date of Toner's death, through January 1, 1991, the effective date of a subsequent amendment to section 5—136.1 which required the Board to recalculate the plaintiff's annuity (see Ill. Rev. Stat. 1991, ch. 108¹/₂, par. 5—136.1(e)). The Board now appeals.

OPINION

We are called upon here to construe the meaning and applicability of section 5—136.1 of the Pension Code (Ill. Rev. Stat. 1985, ch. 108¹/₂, par. 5—136.1), as it relates to the plaintiff's particular circumstances. The relevant portion of the statute became effective January 1, 1986, and reads as follows:

> "(a) *Notwithstanding the other provisions of this Article*, the widow of a policeman who retires on or after January 1, 1986, and subsequently dies while receiving a retirement annuity *** may in lieu of any other widow's annuity have the amount of widow's annuity calculated in accordance with this Section.
> ***

(c) If the deceased policeman was receiving a retirement annuity at the time of his death, the widow's annuity shall be equal to 40% of the policeman's annuity at the time of the policeman's death. This annuity shall not be limited to the maximum dollar amount in effect for widows' annuities at the time of the policeman's death or retirement." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 108¹/₂, pars. 5—136.1(a), (c).

Section 5—136.1(c) was amended again in 1987 to increase the widow's annuity from 40% of the policeman's annuity at the time of his death to 50% of that amount after December 31, 1987. (Ill. Rev. Stat. 1987, ch. 108¹/₂, par. 5—136.1.) However, because the Board does not contest the circuit court's numerical calculations, we focus our analysis on whether the 1985 amendment to the Code which added section 5—136.1 in the first instance is applicable to the plaintiff.

In urging reversal of the circuit court, the Board argues that because Toner's pension benefits were fixed when he attained age 63 on December 9, 1985, the plaintiff's widow's annuity was also fixed at a maximum of $500 per month as of that date. As such, section 5—136.1 of the Pension Code, which became effective on January 1, 1986, does not apply to the calculation of the plaintiff's widow's annuity for the period from August 17, 1987, through January 1, 1991. The Board argues that it was not until the effective date of a subsequent amendment to section 5—136.1 (Ill. Rev. Stat. 1991, ch. 108¹/₂, par. 5—136.1(e)), on January 1, 1991, that the plaintiff became entitled to an annuity in excess of the maximum of $500 per month as provided in section 5—136 of the Code in effect on December 9, 1985, the date her widow's annuity was fixed. In support of its argument, the Board contends that the amendment to the Code which introduced section 5—136.1 was not made specifically retroactive to benefits that were fixed prior to its effective date of January 1, 1986, and by reason of section 1—103.1 of the Code (Ill. Rev. Stat. 1987, ch. 108¹/₂, par. 1—103.1), section 5—136.1 applied prospectively to annuitants whose benefits became fixed after its initial effective date. We disagree for several reasons.

While it is true that Toner's age and service annuity was fixed as of his 63rd birthday pursuant to section 5—128 of the Code, it is not true that the plaintiff's widow's annuity was also fixed on that date. For purposes of article 5 of the Pension Code, Toner was a "future entrant"; that is, a person employed by the City of Chicago as a policeman after January 1, 1922. (See Ill. Rev. Stat. 1985, ch. 108¹/₂, pars. 5—111, 5—107.) Section 5—136 specifically provides that a widow's annuity for the wife of a future entrant shall be fixed as of

the date of the policeman's death or withdrawal from service, whichever occurs first. (Ill. Rev. Stat. 1985, ch. 108¹/₂, par. 5—136.) "Withdrawal from service" is defined under the Code as the discharge or resignation of a policeman. (Ill. Rev. Stat. 1985, ch. 108¹/₂, par. 5—116.) Toner resigned from the police department on April 30, 1986, and under section 5—136, it was on that date that the plaintiff's widow's annuity was fixed. The Board has failed to cite any provision in article 5 of the Pension Code, nor can we find any, that fixes a widow's annuity as of the date that the police officer's age and service annuity is fixed. If, as the Board argues, section 5—136.1 of the Code applies only to those persons whose widow's annuity is fixed after its effective date, January 1, 1986, then the plaintiff satisfies the condition; but we need not approach the construction of section 5—136.1 through this type of analysis.

The cardinal rule of statutory construction is to ascertain the intent of the legislature. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 504 N.E.2d 84.) Courts should look first to the language of the statute itself as the best indication of the intent of the drafters. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 485 N.E.2d 1076.) The words of the statute are to be given their ordinary and popularly understood meaning. (*Kozak v. Retirement Board* (1983), 95 Ill. 2d 211, 447 N.E.2d 394.) When the language chosen by the legislature is clear and unambiguous, the statute must be enforced as enacted and the court will not resort to outside sources to construe its meaning. *County of Du Page*, 109 Ill. 2d at 151.

With the exception of section 1—103.1, each of the sections that the Board relies on to support its argument that section 5—136.1 does not apply to the plaintiff appears in article 5 of the Pension Code; however, section 5—136.1 begins with the phrase "Notwithstanding the other provisions of this Article." (Ill. Rev. Stat. 1985, ch. 108¹/₂, par. 5—136.1(a).) "Notwithstanding" is defined as "in spite of." (Webster's Third New International Dictionary 1545 (1986).) By its clear language, section 5—136.1 is an exception to all other provisions of article 5 and controls over any other section of that article containing conflicting provisions. (See *American Family Insurance Co. v. Village Pontiac-GMC, Inc.* (1989), 182 Ill. App. 3d 385, 538 N.E.2d 859.) Therefore, the Board's reliance on those sections in article 5 is misplaced.

The Board's reliance on section 1—103.1 of the Pension Code is also unavailing. That section provides: "Amendments to this Code *** shall be applicable only to persons who, on or after the effective date thereof, are in service as an employee under the retirement

system or pension fund covered by the Article which is amended, unless the amendatory Act specifies otherwise." (Ill. Rev. Stat. 1987, ch. 108¹/₂, par. 1—103.1.) The plaintiff in this case was never an employee under the pension fund covered under article 5; her deceased husband was. While section 1—103.1 governs the application of amendments to article 5 as they relate to the police officers themselves, nothing in the language of that section refers to its applicability to amendments affecting the rights of nonemployee beneficiaries such as the plaintiff.

We are not confronted by an ambiguity in the statute at issue and need not look to subsequent amendments in an effort to determine its meaning, as the Board urges. The language of section 5—136.1 is clear and unambiguous on its face and the plaintiff satisfies each of the stated requirements for its application. She is the widow of a police officer who retired after January 1, 1986, and died while he was receiving a retirement annuity; as a result, she was entitled to have her annuity calculated in accordance with section 5—136.1(c) of the Pension Code. There is no exception stated in the statute for the widow of a police officer whose benefits were fixed prior to January 1, 1986. The legislature could have provided for the exception urged by the Board, but it did not do so. We cannot now alter the plain language of this statute under the guise of judicial construction and incorporate such an exception into it. We cannot restrict or enlarge upon the plain meaning of an unambiguous statute. *Kozak*, 95 Ill. 2d at 216.

The Board also argues that its interpretation of the statute in issue is entitled to deference. However, the construction of a statute is question of law and, while the factual findings of an administrative agency are considered *prima facie* correct, its conclusions of law are not accorded the same deference. *Mitchell v. Department of Revenue* (1992), 230 Ill. App. 3d 795, 596 N.E.2d 31.

Further, our supreme court has recognized that pension laws are beneficial in nature and should be liberally construed in favor of those intended to be benefited. (*Kozak*, 95 Ill. 2d at 217.) We believe that our construction of section 5—136.1 in this case is in keeping with that admonition.

For these reasons, we affirm the decision of the circuit court.

Affirmed.

CAHILL, P.J., concurs.

JUSTICE JOHNSON, dissenting:

I am unable to join with the majority in upholding the judgment of the trial court. I believe that both the majority and the trial court failed to give due consideration to the decision made by the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (the Board).

Undoubtedly, administrative agencies possess authority to interpret statutory provisions when making their decisions and determinations. (*Illinois Federation of Teachers v. Board of Trustees* (1989), 191 Ill. App. 3d 769, 774.) While a reviewing court is not bound by the agency's interpretation, it must give great weight to the agency's construction of the statute. (*Peoples Gas Light & Coke Co. v. Illinois Commerce Comm'n* (1987), 165 Ill. App. 3d 235, 247.) Deference should be given to the agency's interpretation unless such interpretation is clearly erroneous, arbitrary, or unreasonable. (*Board of Trustees*, 191 Ill. App. 3d at 774.) In the present case, I remain unpersuaded that the agency's interpretation of the statutory provisions involved here was clearly erroneous so as to warrant reversal.

As correctly noted by the majority, the preliminary question is whether section 5—136.1 of the Illinois Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 5—136.1) (the Code) applies to plaintiff. However, the majority incorrectly concludes it does, despite the fact that plaintiff's widow's annuity had already been "fixed" prior to the effective date of section 5—136.1.

The record reveals that pursuant to section 5—128 of the Code, Mr. Toner's annuity was fixed on December 5, 1985, when he reached 63 years of age. On that same date, plaintiff was granted an annuity, *i.e.*, her widow's benefits were fixed, and no further contributions were made to the annuity fund on behalf of Mr. Toner. The Board made this determination based on the statutory provisions in effect at the time of Mr. Toner's 63rd birthday. See Ill. Rev. Stat. 1985, ch. 108½, pars. 5—128, 5—136, 5—143, 5—148, 5—169, 5—170 (all of which focus on the fixing of benefits as of the date the employee reaches age 63).

Section 5—136.1 did not become effective until January 1, 1986, after plaintiff's benefits had already been fixed. Hence, section 5—136.1 did not apply to plaintiff because the legislature did not make it retroactive to benefits which had become fixed prior to its effective date. Statutes may not be given retroactive application unless the legislature expressly intended such a result. *Kapsalis v. Board of Fire & Police Commissioners* (1986), 143 Ill. App. 3d 465, 473.

Based on the facts and law in effect at the time, the Board determined that plaintiff's annuity was fixed on December 5, 1985. I

cannot say that the Board's determination was clearly arbitrary or erroneous. Therefore, I would reverse the judgment of the circuit court of Cook County.